IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Mr. Raymond Smith<br>5907 George Island Landing Road<br>Stockton, Maryland 21864 | * | |
| | * | |
| Ms. Mary Ann Wright<br>PO Box 385<br>Berlin, Maryland 21811 | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Case No. _____ |
| Sahara Cafe O.C., Inc.<br>(T/A Sahara Cafe)<br>1901 N. Baltimore Avenue<br>Ocean City, Maryland 21842 | * | JURY TRIAL REQUESTED |
| | * | |
| | * | |
| Mr. J.R. Whitmeyer<br>223 # 7 26th Street<br>Ocean City, Maryland 21842 | * | |

## COMPLAINT UNDER THE
## FAIR LABOR STANDARDS ACT FOR MONEY DAMAGES

Plaintiffs, Raymond Smith and Mary Ann Wright, through undersigned counsel, states a complaint against Defendants Sahara Cafe O.C., Inc. (t/a "Sahara Cafe") and Mr. J.R. Whitmeyer ("Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

## Introduction

1. This is a civil action for unpaid overtime wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., Lab. & Empl. 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. 3-501 *et seq.*

2. Plaintiffs seek, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6. Defendant Sahara Cafe O.C., Inc., a corporation formed in the State of Maryland, owns and operates the Sahara Cafe restaurant in Ocean City, Maryland.

7. At all times material herein, Sahara Cafe had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. Defendant, The Office, LLC, employs at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on

goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendants who unload food and beverage from producers and suppliers who operate in interstate commerce. There are employees, like Plaintiff Smith and Wright, who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, who also regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments. There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiffs are employed by Defendant Sahara Cafe O.C., Inc., a covered entity, satisfying the enterprise coverage provisions under the FLSA. Defendant Sahara Cafe O.C., Inc. also satisfies the coverage provisions of the MWHL. As a covered enterprise, Defendant Sahara Cafe O.C., Inc. has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

9. Defendant J.R. ("Jay") Whitmeyer is, upon information and belief, an officer and owner of Defendant Sahara Cafe O.C., Inc. Defendant Whitmeyer is and has been actively engaged in the management and direction of employees, including the Plaintiffs, at Sahara Cafe, including the operation of the restaurant and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Sahara Cafe, including the Plaintiffs, and has possessed and exercised authority to hire and fire employees, at all material times since the opening of the restaurant. Defendant Whitmeyer has custody and control of business records and is responsible for maintaining those

records. Defendant Whitmeyer income and/or salary from Defendant Sahara Cafe O.C., Inc. At all times material herein, Defendant Whitmeyer has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendant Whitmeyer is jointly and individually liable for damages to the Plaintiffs, under the FLSA, MWHL, and MWPCL.

10. Plaintiff Raymond Smith worked for the Defendants as an hourly kitchen worker within the last three years preceding the filing of this Complaint, ending his employment on or about October 11, 2015. Overtime work occurred from Memorial Day weekend through the very end of September. Plaintiff Smith's hourly wage varied during the course of his employment, but when he worked over 40 hours in a workweek, he never received overtime. Specifically, Plaintiff Smith would generally work his scheduled shift from 6:00 am to 2:00 pm, six days a week, and would work from 2:00 to 2:45 pm without payment (Defendants not maintaining a time clock system). This additional time would be approximately 4.5 hours per week, in addition to the 48 hours spent work for which Plaintiff Smith would receive "straight pay."

11. Similarly, Plaintiff Wright worked for the Defendants as an hourly kitchen worker within the last three years preceding the filing of this Complaint, ending his employment on or about October 11, 2016. Overtime work occurred from Memorial Day weekend through the very end of September. Plaintiff Wright's hourly wage varied during the course of her employment, but when she worked over 40 hours in a workweek, she never received overtime. Specifically, Plaintiff Wright would generally work her scheduled shift from 6:00 am to 2:00 pm, six days a week, and would work from 2:00 to 2:45 pm without payment. This additional time would be approximately 4.5 hours per week, in addition to the 48 hours spent work for which Plaintiff Wright would receive "straight pay."

12. As set forth below, each of the Plaintiffs seek unpaid overtime wages, in amounts to be determined based on the evidence.

13. By failing to pay the statutory overtime wages due to Plaintiffs Smith and Wright, Defendants willfully violated very clear and well-established overtime wage provisions of the FLSA. Plaintiffs Smith and Wright further allege that the Defendants violated the overtime wage provisions of the MWHL, beginning July 1, 2014. In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, and three times the minimum wages owed under the MWHL pursuant to the MWPCL, as well as attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

## **General Allegations**

14. As stated above and incorporated herein by reference, Plaintiffs have each been employed by the Defendants within the three years preceding the filing of this lawsuit.

15. Plaintiffs performed hourly manual work and were non-exempt from the overtime provisions of the FLSA and MWHL.

16. Defendants violated the FLSA, the MWHL, and MWPCL insofar as they failed to properly pay Plaintiffs Smith and Wright overtime when each such employee worked over forty hours per week, in the amount of 1 ½ times their respective regular rates of pay (as calculated in accordance with U.S. Department of Labor regulations), for overtime hours worked in excess of forty (40) hours per week.

## Causes of Action

### COUNT I
### (FLSA - Failure to Properly Pay Overtime)

17. Plaintiffs Smith and Wright incorporate paragraphs 1-16, including subparagraphs, as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiffs an overtime wage of at least 1 ½ times their regular rate of pay (calculated in accordance with U.S. Department of Labor regulations), for certain statutory work weeks, and as a result, Plaintiffs Smith and Wright have failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

### COUNT II
### (MWHL - Failure to Properly Pay Overtime)

18. Plaintiffs Smith and Wright incorporate paragraphs 1-18 as set forth above, and state that Defendants have failed and otherwise refused to compensate Plaintiffs Smith and Wright for hours in excess of forty hours in a work week at a rate of not less than one and one-half times their regular rate of pay, as computed under Md. Ann. Code LE art. § 3-420.

19. As a result, Defendants owe Plaintiffs Smith and Wright overtime in the amount of 1 ½ times their respective regular rates of pay, for all workweeks in which Plaintiffs Smith and Wright worked over 40 hours, since July 1, 2014.

### COUNT III
### (Violation of MWPCL Act – Unpaid Wages)

20. Plaintiffs Smith and Wright incorporate paragraphs 1-19 as set forth above, and state that the actions of Defendants, in failing to properly pay Plaintiffs Smith and Wright for all hours worked and overtime wages when earned are separate violations of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

21. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay overtime wages as applicable under the MWHL.

22. That impliedly, by operation of law, Plaintiffs Smith and Wright were entitled to be paid statutory overtime wages under Maryland law as of July 1, 2014, which have not been paid by Defendants.

23. Additionally, Defendants required that Plaintiffs work past 2:00 pm, the scheduled end of their shift, and did not pay them any promised wage, let alone overtime wages, for this work.

24. That there are no bona fide disputes between the parties as to the right of the Plaintiffs to receive their straight time wages and/or overtime payments for work performed after July 1, 2014. Defendants knew, or should have known, that the Sahara Café was a covered entity under the MWHL, and that Plaintiffs performed work as employees for which they were not properly compensated.

25. Plaintiffs are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages with respect to the wages, i.e. the MWHL-mandated overtime and straight-time wages that have gone unpaid.

### **Prayer**

Based on the foregoing allegations, Plaintiffs respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiffs all unpaid overtime and straight time wage payments determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as well as a sum of liquidated damages in an amount equal to

the amount of any unpaid overtime wage payments awarded to Plaintiffs pursuant to the FLSA;

(b) Order Defendants to pay the Plaintiffs an amount equal to triple the amount of unpaid straight time wages and overtime wages owed each of the Plaintiffs, as Plaintiffs are entitled to such damages under MWPCL;

(c) Award Plaintiffs their attorneys' fees and costs in pursuing this action;

(d) Award Plaintiffs interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/ Howard B. Hoffman
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiffs

## Jury Demand

The Plaintiffs, by their attorney, hereby demands a jury trial as to all issues triable by a jury.

/s/ Howard B. Hoffman
Howard B. Hoffman