# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Raymond Smith, et al, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: 17-cv-1299-ADC |
| Sahara Cafe O.C., Inc., et al. | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## JOINT MOTION FOR APPROVAL OF
## FLSA SETTLEMENT AGREEMENT

Plaintiffs, Raymond Smith ("Smith") and Mary Ann Wright ("Wright") together with the Defendants, Sahara Cafe O.C., Inc. ("Sahara Cafe") and Jay R. Whitmeyer ("Whitmeyer" with Sahara Cafe, collectively, "Defendants"), jointly move this Court for an Order granting an approval of a Settlement Agreement reached in this Fair Labor Standards Act ("FLSA") action.

In support of the foregoing, the parties submit the following:

1.      Within three years preceding the filing of this lawsuit, the two Plaintiffs worked at various times as cooks at the Sahara Cafe, located (but not operated by) the Sahara Motel in Ocean City, Maryland.

2.      Plaintiffs each alleged that they were not paid overtime for their work.

3.      After filing an Answer to this lawsuit, counsel for the Defendants and Plaintiff engaged in formal discovery as well as discussions.  Defendants contended that Sahara Cafe was not a "covered enterprise" for purposes of the FLSA.  Counsel for Plaintiffs conducted discovery concerning this issue, and Defendants provided counsel for the Plaintiffs with the payroll records for each of the two Plaintiffs.

4.      Plaintiffs' counsel then had Elana Schulman, CPA/CFE,[1] calculate unpaid wages, including liquidated damages under the FLSA (and additional damages under the Maryland Wage Payment and Collection Law ("MWPCL").

5.      There was substantial back and forth concerning not just the size of the business and its coverage under the FLSA (Sahara Cafe was only open from April to October, and in the relevant years of 2014 and 2015 only served customers between 7:00 am and 2:00 pm daily, with no alcohol sales).

6.      Plaintiffs' counsel presented Defendants with an uncompromised demand, and after these various discussions, Defendants agreed to pay the Plaintiffs the amounts demanded by the Plaintiffs, with no admission of wrongdoing or liability.

6.      As per the attached Settlement Agreement (Exh. 1), Plaintiff Smith will recover $11,569.79, which Plaintiffs' expert calculates is three times the amount of unpaid overtime.

7.      As per the attached Settlement Agreement (Exh. 1), Plaintiff Wright will recover $16,464.25, which Plaintiffs' expert calculates is three times the amount of unpaid overtime owed to Ms. Wright.

8.      Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.' " *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)). "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is supervised by the [Department of Labor] or a court.' " Id. (*quoting Taylor*, 415 F.3d at 374 (alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement

---

[1]      Certified Public Accountant / Certified Fraud Examiner

agreements that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey v. Scotts Co. LLC,* No. PWG-13-3496, 2014 WL 2174751, at *2 (D. Md. May 23, 2014). Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.,* No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.,* No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 478 (D.Md.2010)). The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey,* 2014 WL 2174751 at *2 (*citing Saman,* 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.,* No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC,* No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' " *Duprey* at *2 (*citing Lynn's Food Stores,* 679 F.2d at 1354).

10.    However, neither the Fourth Circuit nor any Judge in this District has addressed the issue of what review is necessary where, as here, the parties agree that the settlement represents full relief under the FLSA. The parties submit that when an employee is receiving

full compensation under the FLSA, a lesser degree of judicial scrutiny is required. *Silva v. Miller*, 307 Fed.Appx. 349, *2 (11th Cir. 2009) ("We do not say what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the FLSA is made"); *Crooms v. Lakewood Nursing Cntr., Inc.*, 2008 WL 398933, *1 (M.D. Fla. 2008) ("When the defendant represents that it has offered the plaintiff at least full compensation of his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny."); *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003). The Court's approval process is complete so long as the Court is satisfied that an FLSA Plaintiff is receiving full relief.

11.     The parties represent that full and complete relief is being made with respect to Plaintiffs' FLSA overtime claims and thus a full review of all of the typical factors is not required. This is particularly true given the added fact that Plaintiffs' utilized the services of a forensic accountant (Elana Schulman, CPA/CFE) to calculate potential unpaid minimum wage and/or overtime and spreadsheets were prepared based on the written payroll records that were provided to Plaintiffs. *See Stephens v. Mac Business Solutions*, CBD 15-3057, 2016 WL 3977473, *2 n.2 (D. Md. July 25, 2016) (finding a fair and reasonable FLSA settlement, and reviewing wage calculations prepared by Elana Schulman, CPA/CFE). The spreadsheets prepared by Ms. Schulman as to the Plaintiffs' damages are attached as Exhibit 2.

12.     There remains the issue of Attorneys' Fees and Costs. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see*

*also Kianpour*, 2011 WL 5375082, at *3. "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

13.     Under the Settlement Agreement, Plaintiff's counsel would receive $14,417.82 for Attorneys' Fees and Costs incurred. *See* Exhibit 1. Both parties submit that attorneys' fees and costs were negotiated separately and only after a resolution was reached with respect to the Plaintiffs' settlement outcomes. Given the full and uncompromised relief to the Plaintiffs as to their overtime claims, and the fact that fees and costs were negotiated separately and secondarily to the Plaintiffs' personal outcome, judicial scrutiny of the amount of fees and costs to be paid is likewise not necessary.[2]

14.     Nevertheless, to the extent that the Court desires to carefully review the proposed fee and cost award for reasonableness, Plaintiff's counsel submits a Declaration together with a detailed billing statement. *See* Exhibit 3. As detailed in this billing statement,

---

[2]     If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiffs, then unless there is reason to believe that a Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. *Kianpour*, 2011 WL 5375082 at *3 (citation omitted) (quotation omitted); *see also Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

Howard B. Hoffman has worked on Plaintiffs' claims at the hourly rate of $400.00,[3] and has worked 37.60 hours. *See id.* In addition to the above, costs in this case amount to a total of $1,577.82. *See id.* As such, the total amount of attorneys' fees and expenses incurred by Plaintiffs' counsel in this litigation as of May 2, 2017 is $16,057.82 ($14,480.00 in fees and $1,577.82 in expenses). In light of these figures, the amount of attorneys' fees Plaintiff's counsel would receive under the Agreement ($14,417.82) is reasonable under the lodestar evaluation, and in fact represents a reduction and compromise in the amount of attorneys' fees and costs incurred by counsel.

Wherefore, the parties request that this Court approve the proposed Settlement Agreement, and appropriate to approve of and assist the parties in implementing the terms of the Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/__ (with permission) |
| Howard B. Hoffman, Esq. | Richard (Rad) A. DeTar |
| Federal Bar No. 25965 | Federal Bar No. 22437 |
| Attorney at Law | McAllister, DeTar, et al., LLC |
| 600 Jefferson Plaza, Suite 304 | 100 N. West Street |
| Rockville, Maryland 20852 | Easton, Maryland 21601 |
| (301) 251-3752 [tele] | (410) 820-0224 [tele] |
| (301) 251-3753 [fax] | (443) 746-3298 [fax] |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

---

[3]     Mr. Hoffman has eighteen years of relevant legal experience (employment law). *See* Exh. 3 (Declaration of Howard B. Hoffman, Esq.). The requested hourly rate – $400 an hour – fall within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was recently awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016). L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425 while an attorney who has been admitted to the bar for twenty years or more may reasonably charge an hourly rate between $300 and $475.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2017, a copy of the foregoing Joint Motion for Approval of FLSA Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

_____/s/_____
Howard B. Hoffman