Blumberg No. 5208

EXHIBIT

1

## SETTLEMENT AGREEMENT AND FULL AND
## FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this ___ day of August, 2017, by and between Raymond ("Smith") and Mary Ann Wright ("Wright") (collectively, "Plaintiffs") and Sahara Cafe O.C., Inc. and Mr. Jay R. Whitmeyer (collectively, "Defendants"). Plaintiffs and the Defendants are collectively referred to as the "Parties."

**WHEREAS,** Plaintiffs performed cooking services at Defendants' "Sahara Cafe" and after the relationship was terminated, Plaintiffs contended that they were owed unpaid overtime wages;

**WHEREAS,** Plaintiffs have pending against Defendants an action in the United States District Court for the District of Maryland, styled <u>Smith, et al. v. Sahara Cafe O.C., Inc., et al.,</u> Case No. Case 1:17-cv-1299-ADC (the "Lawsuit"), alleging unpaid overtime wages under the Fair Labor Standards Act (FLSA), along with state supplemental claims;

**WHEREAS,** Defendants have denied any and all allegations of wrongdoing asserted by Plaintiffs;

**WHEREAS,** the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way connected with the Parties' working relationship with each other;

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1.    **CONSIDERATION.** In consideration of Plaintiffs' decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiffs, collectively and through their counsel, the total sum of Forty Two Thousand Four Hundred Fifty One Dollars and 87/100 ($42, 451.87), to settle all claims involving Plaintiffs' Lawsuit, including but not limited to, claims for unpaid overtime, improper housing deductions, statutory/liquidated damages, and attorneys' fees and costs.

2.    **PAYMENTS.** Defendants agree to pay the above settlement amount subject to the following terms and payable as follows:

a.    Within five (5) business days of approval of this Settlement Agreement by the U.S. District Court, Defendants shall pay the total sum of Forty Two Thousand Four Hundred Fifty One Dollars and 87/100 ($42,451.87), divided in 5 checks, and made payable as follows:

i.    <u>Smith</u>: Eleven Thousand Five Hundred Sixty Nine Dollars and 79/100 Cents Exact ($11,569.79), in two checks payable in U.S. Dollars, one wage check in the amount of Three Thousand Eight Hundred Fifty Six Dollars and 21/100 Cents Exact ($3,856.21) and the second check in

the amount of Seven Thousand Seven Hundred Thirteen Dollars and 58/100 Cents Exact ($7,713.58).

ii.   Wright:   Sixteen Thousand Four Hundred Sixty Four Dollars and 26/100 Cents Exact ($16,464.26), in two checks payable in U.S. Dollars, one wage check in the amount of Five Thousand Four Hundred Eighty Seen Dollars and 54/100 Cents Exact ($5,487.54) and the second check in the amount of Ten Thousand Nine Hundred Seventy Six Dollars and 72/100 Cents Exact ($10,976.72).

iii.   Howard B. Hoffman, Attorney at Law: Fourteen Thousand Four Hundred Seventeen Dollars and 82/100 Exact ($14,417.82).

b.   Defendants agree that they will send each of the payments set forth in sub-paragraph 2(a) so that they are received by Plaintiff's lawyer, Howard B. Hoffman, Esquire, on or before the day in which the installment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day in which the installment is due).

c.   For tax purposes, the first wage check payment to each Plaintiff pursuant to paragraph 2(a) shall be treated as gross wages and the second non-wage check payment shall be treated as liquidated/statutory damages and interest.  The wage check shall be subject to all applicable employment taxes, including Federal, state and local income tax withholding and employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2.  The second check treated as liquidated damages and interest shall be paid without any withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3.  Attorneys' fees and costs paid pursuant to this Settlement Agreement shall be paid without withholding and shall be reported to the IRS under Howard B. Hoffman, Attorney at Law's Federal Employer Identification Number, on an IRS Form 1099, box 14, for the year in which it was paid.

d.   So that the Defendants may issue an IRS Forms W-2 and 1099 for 2017 reflecting all payments made under this Settlement Agreement, both Howard B. Hoffman, Esquire and each of the Plaintiffs shall provide Defendants' counsel, Richard A. DeTar, Esq., at the time that each Plaintiff executes this Settlement Agreement, an executed IRS Form W-4 and IRS Form W-9 which shall accurately provide their taxpayer identification numbers.

3.   **ADMISSION**: Plaintiffs agree that Defendants have paid all sums earned by and owed to them, including, but not limited to, all salary, tips, bonuses, wages (*including minimum wages*), commissions, overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and other benefits and perquisites as a result of their alleged employment with Defendants

2

and/or their separation from such alleged employment, and further acknowledge that the payments under this paragraph 2 are in full payment of anything of value to which they would be entitled under any policy, plan or procedure of Defendants.  Plaintiffs also expressly waive any right or claim that they may have or may assert to employment or reinstatement to employment, or to payment for salary, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

4.     **APPROVAL BY COURT / DISMISSAL WITH PREJUDICE**     Upon full execution of this Agreement, Plaintiffs' counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion").  The Motion is attached to this Agreement as Exhibit A. The Motion shall attach a copy of this Agreement and shall request that the Court approve this Agreement and dismiss this case with prejudice.   The Parties agree that this Agreement is contingent upon the U.S. District Court for the District of Maryland's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the District of Maryland not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect.  No party shall have the right to appeal any decision, order, or judgment entered in this Lawsuit.

5.     **FULL AND FINAL RELEASE.**  Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiffs' counsel by Defendant, Plaintiffs, for themselves, and for their respective attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges the Defendants, including, as applicable, all Defendants' heirs, executors, administrators, parent, subsidiary and/or any alleged affiliated companies or companies alleged to form a single enterprise or joint employer, as well as their and their successors, assigns, officers, owners, supervisors, members (including but not limited to Mr. Jay R. Whitmeyer), agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement.  Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged retaliation, either as a result of the cessation of Plaintiffs' alleged employment or otherwise, any and all claims alleging wrongful termination, the failure to pay wages (including the minimum wage), improper deductions for housing, the failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under:  the ADEA; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and 1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Maryland Wage

and Hour Law; and the Maryland Wage Payment Collection Law; or any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default.

a. This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

b. Plaintiffs expressly waive any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

c. Plaintiffs represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which he had, has or may have against Releasees.

6. **RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the General Release and the Non-Disparagement and Non-Publicity obligations, is intended to, or will, preclude Plaintiffs from filing any charge or complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this agreement, Plaintiffs agree and acknowledges that they are waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiffs are entitled regarding anything occurring on or before the date on which they sign this Agreement, including anything regarding their alleged employment with the Defendants and/or the termination of that relationship.

7. **NO OTHER CLAIMS.** Plaintiffs represent and warrant that Plaintiffs have not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits

4

against the Defendants (or any Releasee) with any court other than the Lawsuit, and Plaintiffs hereby promises that Plaintiffs will not file, or assign to others the right to file, or make any further claims against the Defendants and/or any of the Releasees, on behalf of himself or others, at any time for actions taken up to and including the date Plaintiffs execute this Agreement.  Plaintiffs waive all collective and/or class allegations and withdraw, and if filed, agree to dismiss same with prejudice, and neither Plaintiffs, nor any of their attorneys, shall amend this lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement or engage in enforcement proceedings.

**8.     NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.**  This Agreement shall not be construed as an admission by the Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing.  Defendants do not admit, and specifically deny, any liability to Plaintiffs, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and that Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation.  The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency.

**9.     GOVERNING LAW/VENUE.**  This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof.  The Parties agree that this Agreement is made within Worcester County, Maryland, and for venue shall be within Worcester County, Maryland for purposes of resolving any and all disputes under this Agreement, other than the failure of Defendants to make payments under paragraph 2, which may be enforced in the United States District Court for the District of Maryland.

**10.    SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties relating to the Lawsuit and to Plaintiffs' prior employment with Defendants.  Any prior agreements between or directly involving the Parties to the Agreement relating to the Lawsuit and to Plaintiffs' prior employment with Defendants are superseded by the terms of this Agreement and thus are rendered null and void.

**11.    NO OTHER PROMISES.**  Plaintiffs affirm that the only consideration for Plaintiffs signing this Agreement is that set forth in Paragraphs 1 and 2 and that no other promise or agreement of any kind has been made to or with Plaintiffs by any person or entity to persuade or cause Plaintiffs to execute this document, and that Plaintiffs fully understand the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

**12.    RIGHT TO REPRESENTATION, TIME LIMITS AND REVOCATION PERIOD.**  Plaintiffs, in receiving a copy of this Agreement, acknowledges that they have been advised in writing to seek the advice of his attorney before signing this Agreement, they have had adequate opportunity to so consult and has so consulted.  Each Plaintiff may consider this Agreement for twenty-one (21) days from the date he receives this Agreement.  If Plaintiffs elect to sign this Agreement in less than twenty-one (21) days, then they are waiving their right to consider this Agreement for up to twenty-one (21) days.  Plaintiffs shall also have the right to revoke this Agreement at any time within seven (7) days after the date they have signed it. To

4829-3782-0237, v. 1

revoke the Agreement, a Plaintiff must cause a signed copy of this Agreement, marked "Revoked," to be delivered to Richard (Rad) A. DeTar, McAllister, DeTar, Showalter & Walker, LLC, 100 N. West Street, Easton, Maryland 21601, before the end of the seven-day period. The date of signing, as indicated next to his signature, will mark the beginning of the seven-day revocation period. This Agreement will become effective on the 8th day after Plaintiff signs it, provided that it has not been revoked before that day, and, provided further, that the Court approves this Agreement in full and dismisses this case. Plaintiffs acknowledges that should any of the Plaintiffs exercise their right to revoke provided under this Section 14, doing so shall render all, and no less than all, of this Agreement's provisions null and void.

13.    **LEGALLY BINDING AGREEMENT.** Plaintiffs understand and acknowledge that upon Court approval of this Agreement (a) that this is a legally binding release contingent upon Court approval of this Agreement; (b) that by signing this Agreement, Plaintiffs are hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth in Paragraph 5 and Paragraph 6 above; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiffs, and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

14.    **CONSTRUCTION.** This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

15.    **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

16.    **AGREEMENT IS KNOWING AND VOLUNTARY.** Plaintiffs further represent and acknowledge that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the parties. Plaintiffs represent and warrant that they have fully discussed this Agreement with their attorneys, have consulted with a translator of their choosing, if a Plaintiff deems translation to be necessary and/or desirable, and that all terms are understood and that the execution of this Agreement is completely voluntary.

17.    **ELECTRONIC SIGNATURES/COUNTER-PARTS.** Defendants and Plaintiffs agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

6

4829-3782-0237, v. 1

*PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| Date: | Raymond Smith |
|---|---|
| Date: | Mary Ann Wright |
| Date: 8/17/17 | For: Sahara Cafe O.C., Inc. and himself, individually<br>By: _(signature)_<br>Name: Jay R. Whitmeyer<br>Title: President |

DocuSign Envelope ID: 2AC5483D-3007-44A1-A7B3-F8C7C679F3C9

*PLEASE READ THIS DOCUMENT CAREFULLY.  THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| | |
|---|---|
| Date: | _____<br>Raymond Smith |
| Date: | DocuSigned by:<br>*Mary Wright*<br>MF5B9CCAB74D8AX4C...<br>Mary Ann Wright |
| | For:    Sahara Cafe O.C., Inc. and himself, individually |
| Date: | By: _____<br>     Name: Jay R. Whitmeyer<br>     Title:  President |

7

4829-3782-0237, v. 1

DocuSign Envelope ID: BB23367B-0BE6-4A5D-8CFE-3CEB1F59EE49

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

| | |
|---|---|
| Date: | ┌─DocuSigned by:<br>*Raymond Smith*<br>└─58CE889B60B74D9<br>Raymond Smith |
| Date: | Mary Ann Wright |
| Date: | For:    Sahara Cafe O.C., Inc. and himself, individually<br><br>By:<br>    Name: Jay R. Whitmeyer<br>    Title: President |

7

4829-3782-0237, v. 1