

## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Raymond Smith, et al.** | * | |
| **Plaintiffs** | * | |
| v. | * | **Case No. ADC 17-1299** |
| **Sahara Cafe O.C., Inc. et al.** | * | |
| **Defendants** | * | |

## DECLARATION OF HOWARD B. HOFFMAN

1. I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I serve as counsel to the Plaintiffs in the above-referenced matter.

2. I am an attorney in private practice, and I concentrate on employment law. From 1999 to 2002, I practiced in two prominent boutique employment law firms representing management clients. I have been practicing law since December 1999. I am admitted to the Maryland bar (since 1999), the District of Columbia bar (since 2007), and the Virginia bar (since 2015), as well as the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the District of Maryland,[1] and the U.S. District Court for Eastern District of Virginia. I have extensive experience prosecuting and defending wage and hour cases and other employment law cases. I opened my own firm in 2002.

3. I have maintained time and costs records in this case, which I have placed into "RocketMatter"© software. The time records set forth as Exhibit 3-A are true and correct records of time entries inputted on a daily basis, and are contemporaneous business records held in the ordinary course by my private law practice. The time records reflect

actual time expended in the prosecution of this litigation (the "RocketMatter" entries have not been placed into the Court's required lodestar billing format). The time incurred is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this matter. The time reflects the number of issues that the Defendants have or could raise as a defense in this case. I have also, to the fullest extent practical, specified the time spent per task, and I have avoided the practice of block billing.

4. Through today's date (August 17, 2017), I have incurred a minimum of 37.60 hours in this case at $400.00/hour (see below for basis for this claimed hourly rate), for a total value of $14,480.00. I was responsible for all matters and facets of this case.

5. My itemized and reimbursable listed costs in this case are $1,577.82, consisting mainly of the filing fee, postage, copy charges, expert witness fees, and service of process charges. Not included in the itemized costs are the costs involved in extensive computerized legal research (I utilize WESTLAW).

6. Therefore, the total fees and costs incurred to date are **$16,057.82**. (Assuming this settlement is approved, I expect some additional time wrapping this matter up with clients and also additional costs in transmitting their checks to them via reliable courier).

7. By accepting $14,417.82 for fees and cost reimbursement to Plaintiff's FLSA claims, I am therefore discounting ("writing down") part of my time as it relates to this settlement. Notably, these fees and costs were negotiated separately and secondarily, and only after reaching a tentative resolution as to the Plaintiff's recovery.

8. In the course of representing businesses and some individuals, I include and bill to my clients any disbursements representing the same costs incurred in this case (e.g., postage,

---

[1] I gained admission to this Court in January 2000.

copies, conference calls, court reporters, experts, etc.).

9. I am an honors graduate of University of Maryland School of Law (May, 1999), where I was the recipient of the "Shawe & Rosenthal" employment law prize, and the "Joseph Bernstein Prize" (for excellence in legal writing). I have been a member of the Maryland bar since December 1999 and this Court since January 2000. I have been a Contributing Revisions Editor, Fair Labor Standards Act (BNA/ABA) since 2002. Together with Bradford Warbasse, Esq., I was asked to speak at a seminar in December 2012, for Maryland Employment Lawyers Association titled "Bringing Your First FLSA Collective Action: The Guts and Glory Of Overtime Wage Cases." I was selected to speak at a Lorman seminar in June 2013 to discuss principles of law under the FLSA. Most recently, I received the honor of being designated a "SuperLawyer"® in Maryland employment law.

10. As stated, I have extensive experience in prosecuting and defending wage and hour lawsuits, and that makes me rather uniquely qualified to provide this Declaration. Many of the well-known reported decisions in the District of Maryland addressing overtime and minimum wage rights, are cases that I have either prosecuted (represented the employee) or defended (represented the employer). These notable and widely cited decisions include, but are not limited to: Rose v. New Day Financial, et al., 816 F.Supp.2d 245, 2011 WL 4103276 (D. Md. Oct. 5, 2011) (Quarles, J.) (represented employer; motion to compel class-waiver arbitration granted); Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied); Williams et al. v. ezStorage Corp., 2011 WL 1539941 (D. Md. Apr. 21, 2011) (Bennett, J.) (conditional

certification of FLSA collective action on behalf of employees); Gionfriddo et al. v. Jason Zink, LLC, et al., 769 F.Supp.2d 880 (D. Md. 2011) (Bennett, J.) (represented employer in FLSA case; granting motion for decertification); Dorsey et al. v. The Greene Turtle Franchising Corp., 2010 WL 3655544 (D. Md. 2010) (Blake, J.) (represented employees; grant of conditional certification of FLSA collective action); Williams et al. v. Long (d/b/a "Charm City Cupcakes"), 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (represented employees; grant of conditional certification of FLSA collective action (widely cited in District)); Spencer v. Central Services, LLC, et al., Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (grant of attorneys' fees and costs in FLSA case); Dorsey et al. v. TGT Consulting, LLC, 888 F.Supp.2d 670, 2012 WL 3629209 (D. Md. Aug. 20, 2012) (Blake, J.) (holding employee's earning statements were insufficient to inform employees of FLSA's tip credit requirements); Saman v. LDBP, Inc., 2012 WL 5463031 (D. Md. Nov. 7, 2012) (Chasanow, J.) (dismissal of supplemental state claim of wrongful discharge in FLSA case).  Several of the aforementioned decisions resulted in additional precedent setting decisions in that same case, although they are not cited here.

11. Additionally, while I would like to remain modest about my accomplishments in my eighteen (18) years of practice, the two most important published decisions involving the First Amendment rights of law enforcement whistleblowers, decided by the U.S. Court of Appeals for the Fourth Circuit, are cases that I prosecuted on behalf law enforcement whistleblowers, see, e.g., Andrew v. Clark, 561 F.3d 261 (4th Cir. 2009) (representation of law enforcement officer in claim of First Amendment retaliation and due process); Durham v. Jones, 737 F.3d 291 (4th Cir. 2013) (affirming judgment of judgment was

Case 1:17-cv-01299-ADC   Document 15-3   Filed 08/21/17   Page 5 of 7

obtained in the amount of $1,112,200.00 against Somerset County Sheriff; defeating claims of qualified immunity in First Amendment retaliation case).

12. Moreover, my work frequently casts me into the spotlight. By way of example, I have been quoted, or my work has been featured, in the following news articles: "Deputy Gets Powers Back," The Maryland Daily Record, Pg. 1A, Aug. 14, 2013; "Tip & Fight; Famed Baltimore Restaurant Sip & Bite on the Hook for Unfair Labor Practices," Baltimore City Paper ("Mobtown Beat column"), Aug. 21, 2013; "Sheriff Owes Deputy $1.1M," The Maryland Daily Record, Pg. 1A, December 11, 2013; "Pet Peeve – Outcry Over Baltimore County Animal Shelter Erupts in Free-Speech Lawsuit," Baltimore City Paper ("Mobtown Beat column"), June 4, 2014; "State Courts Can Decide Overtime Disputes, Enhance Damages," The Maryland Daily Record, Pg. 1A, Aug. 18, 2014. My Section 1983 work on behalf of animal advocates in Baltimore County, Fancy Cats Rescue Team, Inc., et al. v. Baltimore County, Md., et al., BPG 14-1073, gained nationwide attention. See http://www.chicagotribune.com/lifestyles/pets/ct-pets-shelter-silence-0129-20150129-story.html ("Bredar's decision could have implications around the country.")

13. I have not charged (and will not charge) any Plaintiff in this case for any of the costs or fees that have been incurred in this case. No contingency fee is being charged to any Plaintiff.

14. No parts of the overtime claims of the Plaintiffs have been compromised. I can say with definiteness that each is receiving 300% of the value of their overtime claim with a "three year look back" period. This is the maximum recovery allowed under the law. What may appear small to the Court is ENORMOUS to workers who regularly toll at or near the minimum wage. The amounts paid reflect the fact that the workers were making

relatively low wages, and did not work enormous amounts of overtime. To calculate the Plaintiffs' losses, I hired an expert witness, Elana Schulman, CPA/CFE, whose work has been recognized by this Court. See Mould v. NJG Food Services, Inc., et al., JKB 13-1305, 2013 WL 6331286, *17 (D. Md. Dec. 4, 2013) (Bredar, J.) (Observing in an FLSA case, "[t]he Court agrees with the general principle behind Ms. Schulman's calculation."). A true and correct copy of Ms. Schulman's calculations are attached as Exhibit 2 to the Joint Motion for Approval of FLSA Settlement.

15. Naturally, all of my clients are supportive of the settlement outcome in this case and request that the Court enter an Order approving this settlement.

16. Before I began my eighteenth year of practice, I received awards of $300.00 an hour, under an old lodestar guideline, in the following cases: Chapman et al. v. Ourisman Chevrolet Co., Inc., 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (granting $300.00/hour to Hoffman based on review of credentials and declarations of attorneys in the community); Spencer v. Central Services, LLC, et al., Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012) (Blake, J.) (granting Hoffman $300.00/hour in attorneys' fees, referring to Hoffman's work as "laudable", and granting all time requested by Hoffman in an FLSA case); Durham v. Jones, WMN 10-2534, 2012 WL 3985224 (D. Md. Sept. 10, 2012) (Nickerson, J.) (granting Hoffman $300.00/hour, and remarking that Hoffman's timesheets "thoroughly account[ed]" for claimed hours). Almost a year ago, I was awarded an increase to $400/hour in Jackson et al.v. Egira, LLC, et al., RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016).

17. I am requesting that the Court value my time at a rate of $400.00 an hour in this case, *although the effective hourly rate is lower as I have discounted my legal fees and costs in*

*the interest of settlement.* I think this rate is consistent with the revised Lodestar Guidelines adopted by the U.S. District Court, especially for an attorney who regularly handles precedent-setting decisions, whose work attracts and receives media attention, and who regularly speaks on employment law topics, including to fellow attorneys. The complexity, duration, and skill required in this case deserve a rate of $400.00.

**DECLARANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing are true and correct.

_____/s/_____
Howard B. Hoffman, Esq.

August 17, 2017